KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
        tricia@darbylawpractice.com

Counsel for Debtors/Defendant

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

STEPHEN FLANAGAN and
CHARLOTTE FLANAGAN,

        Debtors.

_____

TILZONI, LLC,

        Plaintiff.

vs.

STEPHEN FLANAGAN,

        Defendant.

_____/

Case No.: BK-N-11-52228-btb
Chapter 7

Adversary Case No. 12-05009-btb

**MOTION TO APPROVE SETTLEMENT**

Hearing Date:    November 19, 2013
Hearing Time:    11:00 a.m.

Defendant, STEPHEN FLANAGAN, by and through their attorney, DARBY LAW PRACTICE, LTD. moves this Court for approval of his settlement agreement with Plaintiff, TILZONI, LLC, pursuant to Federal Rules of Bankruptcy Procedure Rule 9019. This Motion is based upon the Declaration of Kevin A. Darby, Esq., the settlement agreement between Plaintiff and Defendant, the following points and authorities, and such evidence as may be introduced at the hearing.

///

**POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

1.      Defendant filed a voluntary chapter 11 bankruptcy petition on July 7, 2011. This case was converted to a Chapter 7 bankruptcy case on August 30, 2012.  Prior to this conversion, on February 6, 2012, Plaintiff filed its Complaint to Determine the Nondischargeability of Debt, commencing this Adversary Case No. 12-05009-btb.

2.      On February 28, 2013, Plaintiff and Defendant filed a stipulation to participate in a settlement conference.

3.      On July 2, 2013, this Court entered an order scheduling the settlement conference for July 22, 2013.

4.      On July 22, 2013, the parties negotiated a settlement of Plaintiff's claims.  Plaintiff and Defendant have memorialized their settlement in a written Settlement Agreement, a copy of which is attached to the Declaration of Kevin A. Darby, Esq., as Exhibit 1.

**II.      LEGAL DISCUSSION**

On motion, the Court may approve a compromise or settlement.  Fed. R. Bank. P. 9019. Compromises are favored under the Bankruptcy Code and approval of a compromise is in the discretion of the Court.  *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A & C Properties*, 784 F.2d 1377, 1380-82 (9th Cir. 1986).  The bankruptcy court may approve a compromise if it is "fair and equitable." *In re A & C Properties*, 784 F.2d at 1380-81.  When determining whether to approve a settlement, a court must consider the following:

(a) The probability of success in the litigation;

(b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, and the expenses, inconvenience, and delay necessarily attending it; and

(d) The paramount interest of the creditors and a proper deference to their reasonable view in the premises.

In the present matter, all of the factors this Court considers in determining whether to approve a settlement pursuant to FRBP 9019 favor approval of the Parties settlement.

(a)     Probability of Success.

There is risk on each side.  The Parties believe settlement is certainty a better resolution. Not only will the settlement save the Parties the expenses of litigation, it will also preserve judicial economy.

(b)     The difficulties, if any, to be encountered in the matter of collection.

The Settlement Agreement between the Parties provides for automatic withdrawals from Mr. Flanagan's paycheck.  Otherwise, this factor is not relevant.

(c)     The complexity of the litigation involved, and the expenses, inconvenience, and delay necessarily attending it.

If the matter were to proceed to hearing, both parties would incur additional attorneys' fees and costs.  Settlement of the matter will relieve the Parties from incurring such costs.

(d)     The Best Interests of Creditors.

This is an action under 11 U.S.C. 523 to except a particular debt from the Debtor's discharge.   Therefore, other creditors of the Debtor's Chapter 7 estate are minimally, if at all, impacted by this settlement.  If anything, the settlement of this case reduces ongoing attorney's fees and preserves Debtor's post-bankruptcy assets.   This benefits the claims surviving the bankruptcy by making more funds available to satisfy their claims.

All factors weigh in favor of approving the Parties settlement agreement.   Therefore, the Parties request this Court's approval of the settlement agreement.

**III.     CONCLUSION**

Based on the foregoing, the Parties respectfully request this Court grant their Motion to Approve the Settlement Agreement.

DATED this 15th day of October, 2013.

DARBY LAW PRACTICE, LTD.

By:___*/s/ Kevin A. Darby*_____
KEVIN A. DARBY, ESQ.
Counsel for Stephen Flanagan

-3-